18738—East Cleveland (City) v. Board of Education of East Cleveland; error to Cuyahoga Appeals. E. A. Binyon, East Cleveland, for plaintiff; C. C. Crabbe, Columbus, for defendant.

18739—C. B. Stannard v. State of Ohio; motion to direct Cuyahoga Appeals to certify record. Dowling, Dowling & Moriarity, Cleveland, for plaintiff; E. C. Stanton, Cleveland, for defendant.

### Aug. 1

18740—Ohio Bell Telephone Co. v. Watson Co.; motion to direct Trumbull Appeals to certify record; error to Trumbull Appeals. Tolles, Hogsett & Morley, Cleveland, and Fillus & Fillus. Warren, for plaintiff; H. H. Wickham, Youngstown, for defendant..

### Aug. 2

18741—Dayton (City) v. Public Utilities Commission of Ohio; error to the Public Utilities Commission. W. C. McConnaughey and J. B. Harshman, City Attorney, Dayton, for plaintiff; C. C. Crabbe, Atty. Gen., and J. W. Bricker, Columbus, for defendant.

### Aug. 4

18742—A. D. Darby v. Osbert D. Tiffany et al; motion to direct Lucas Appeals to certify record. Lee A. Schmick, Toledo, for plaintiff; Kirkbride & McCabe. Toledo, for defendant.

18743—Ida M. Helmreich v. Osbert D. Tiffany et al; motion to direct Lucas Appeals to certify record. E. E. Lindsay, New Philadelphia, for plaintiff; Kirkbride & McCabe, Toledo, for defendants.

18744—American Export & Inland Coal Corporation v. Mathews Addy Co.; motion to direct Hamilton Appeals to certify record. W. K. Sibbald and S. R. Ducker, Cincinnati, for plaintiff; N. B. Cramer, Cincinnati, for defendant.

### Aug. 5

18745—Akron (City), Barberton (City), Cuyahoga Falls (City) v. Public Utilities Commission of Ohio; error to Public Utilities Commission. H. M. Hagelbarger, O. T. Moore, O. D. Everhard and N. G. White, for the plaintiffs; C. C. Crabbe, Atty. Gen., and J. W. Bricker, Columbus, for defendant.

18746—Guy Longbrake v. State of Ohio; motion to direct Logan Appeals to certify record. Mackenzie, Weadock, Mackenzie & Landis, Lima, for plaintiff; C. K. Campbell, Bellefontaine, for defendant.

# Weekly Abstract Of Pending Cases

The following statements were prepared by our editors from the recitals appearing in the papers filed in the Supreme Court, or they have been written and sent us by the attorney or attorneys bringing the case.

### No. 473
### SEIBERT v. SEIBERT

No. 18631. Supreme Court of Ohio
On motion to direct Champaign Appeals to certify record.

Docketed June 24, 1924. 2 Abs. 404

465. ERROR—1. In reversing and modifying judgment of Common Pleas.

2. In ignoring 8032 GC.

3. In violating rule 9 of Appeals Court.

Benjamin E. Seibert, as plaintiff, secured a divorce from the defendant and the custody of their four year old child was awarded to him every other week until September 1, 1925. He was ordered to pay to her $785.26 and additional support for the child. The cash payment was made to her, and thereafter she filed error petition in the Court of Appeals. Whereupon it modified the judgment and gave the custody of the child to her with the exception of a short time during the summer. He claims error for the following reasons:

1. That the Common Pleas Court judgment was not subject to error proceedings unless there was an abuse of discretion in rendering it.

2. As the plaintiff in error had not predicated error upon abuse of discretion, either in his motion to set aside the judgment and for a new trial, or in the petition in error, the Appeals Court had no jurisdiction to review, hear or determine the same.

3. That the payment by the terms of the judgment of the Common Pleas was made a condition precedent to the custody of the child, and that the failure to return the same estopped the defendant from prosecuting error in the case.

4. That the Court of Appeals totally ignored 8032 GC. which provides that the parents shall be on an equality as to the care, custody and control of the offspring under ten years of age.

5. That the defendant did not, within five days, prepare and submit to the plaintiff a journal entry as required by rule 9 relating to journal entries of the Appeals Court.

Attorneys—Benjamin E. Seibert, Urbana, for himself; McGrew & Laybourne, Springfield, and Deaton, Bodey & Bodey, Urbana, contra.

### No. 474
### SENKFOR v. SHAMBACHER

No. 18699. Supreme Court of Ohio
On motion to direct Cuyahoga Appeals to certify record. Docketed July 14, 1924, 2 Abs. 452.

TRADE SECRETS—Right of trusted employe to enter the business for himself and solicit employers' customers.

Henry Senkfor, d. b. a. U. S. Wet Wash Laundry Co., filed a petition in the Cuyahoga Common Pleas against Shambacher. The petition stated in substance that Shambacher had been for four years last past a driver on one of the laundry routes of the Laundry Co. in Cleveland, in which capacity, by reason of his position of confidence and trust, he became familiar with the names and addresses of the Laundry Co.'s customers on his said route.

On March 29, 1924, Shambacher left the employ of the Laundry Co. and started in business either for himself or on behalf of another laundry. The petition concluded with various allegations as to infringement on valuable property rights, irreparable damage and that there was no adequate remedy at law, and asked for an injunction restraining Shambacher from soliciting the customers of his former employer.

Shambacher, through counsel, demurred on the ground "that the allegations of the petition do not state any violation of the rights of the plaintiff either legal or equitable,"

which was sustained. The Laundry Co., not desiring to plead further, final judgment was rendered for Shambacher. The Court of Appeals affirmed the decision of the lower court, and the Laundry Company now petitions for a review in the Supreme Court for the following reasons:

1. That the case is of both public and great general interest.

First, that an important percentage of the working population and invested capital of this state is engaged in similar occupations and business, and that neither this court nor any court other than the Court of Common Pleas in any reported decision has decided the law in this or like situations.

Second, that like cases are constantly occurring and that it is important to both labor and capital that their respective rights be definitely determined.

2. That there is prejudicial error in the judgment of the Court of Appeals, to-wit:

First, that the decision of the Court of Appeals is against the overwhelming weight of authority, including texts, digests and decided cases, and also overrules two lower court decisions of this state on like or analogous facts, namely, Seifred v. Maycox, 14 OD. NP. 536; Smith v. Kernan, 8 OD. Rep. 32.

Second, that recent Supreme Court decisions in other states with identical facts have granted injunctions, citing authorities.

Third, that the Court of Appeals decided the case on the authority of the unreported decision of City Ice Co. v. Dillman, Vol. 8, page 102, Unreported Cases of the Cuyahoga Appeals, which shows that there was a written contract which governed the rights of the parties and therefore any question of a right under an implied contract was not involved, on the principle of the maxim, "Expressio unius est exclusio alterius."

Attorneys—Acker & Wald, for Senkfor; John Babka, for Shambacher; all of Cleveland.